**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEXANDER STROSS, an individual,<br><br>Plaintiff,<br><br>     v.<br><br>CONTENT IQ, LLC, a New York Limited Liability Company, individually and doing business as "Boredomtherapy.com"; and DOES 1-10,<br><br>Defendants. | Case No.: 1:21-cv-2907<br><br>**COMPLAINT FOR:**<br>1.  COPYRIGHT INFRINGEMENT<br>2.  VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Alexander Stross ("Plaintiff" or "STROSS"), by its attorneys Doniger / Burroughs, for its complaint against defendant Content IQ, LLC, individually and doing business as "Boredomtherapy.com", and Does 1-10, alleges as follows:

<u>**JURISDICTION AND VENUE**</u>

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

<u>**PARTIES**</u>

4. Plaintiff ALEXANDER STROSS is an individual residing in Austin, Texas.

5. Plaintiff is informed and believes and thereon alleges that Defendant CONTENT IQ, LLC, individually, and doing business as "Boredomtherapy.com" ("BOREDOM THERAPY"), is a New York limited liability company organized and existing under the laws of the state of New York with its principal place of business located at 349 5th Avenue, New York, NY 10016.

6. Defendants DOES 1 through 10, inclusive, are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHY

8. Plaintiff STROSS owns the original photographs shown below which have been registered with the United States Copyright Office on February 20, 2012 with the Registration Number VAu 1-089-810 (the "Subject Photography"). Plaintiff is the sole owner of the exclusive rights to the Subject Photography.

### Subject Photography









//







//







//





9. Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Photography, BOREDOM THERAPY, DOE Defendants, and each of them used the Subject Photography without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https://boredomtherapy.com/.

10. On information and belief, the Subject Photography was unlawfully uploaded by BOREDOM THERAPY to its website in 2020.

11. Images of the Subject Photography and screen captures of Defendant's website with the Subject Photography embedded are set forth hereinbelow

//

//

## Screen Captures



The group loved the idea, so the project got the go-ahead. They jokingly dubbed it the "Llano Exit Strategy" in reference to their desire to escape the city rat race.



*via Mail Online*





When Fred Zipp retired as editor of the *Austin-American Statesman* newspaper in 2010, he was already on the lookout for a place in the country. Together with his wife, Jodi, and six of their friends, he had spent the previous ten years formulating a plan to jointly acquire a weekend property where they could enjoy their free time together.



*via Mail Online*

//





Although the design has been promoted by many as an alternative form of communal living, no one in the group lives in the cabins on a full-time basis. Instead, they split their time between their main homes and the compound, gathering there for special occasions such as Thanksgiving. The rest of the time, the complex is rented out to groups via services such as Airbnb.





*via Mail Online*





*via Mail Online*

//

//

//

🔍

BOREDOM 💊 THERAPY





Discover new styles fresh from our design studio   JAMES AVERY artisan jewelry



Garcia, meanwhile, has fielded hundreds of calls from groups wanting to develop exit strategies of their own. So, as buyers seek affordable, sustainable alternatives to city living, we may well be seeing more communities like this one springing up.



HomeAway

🔍

BOREDOM 💊 THERAPY



It was a close-knit group of friends made up of four couples who had gotten to know each other over two decades. With their children now grown to adulthood, and with fewer demands on their time, the eight friends could finally consider the next step in their lives – and they embraced the opportunity to spend more quality time together.



via Matt Online

//

9

● ● ●  🔖 They've Been Best Friends For  ✕  +

←  →  C  🔒 boredomtherapy.com/s/best-friends-llano-exit-strategy-tiny-house?as=799&asv=1&bdk=0

🔍                    **BOREDOM 💊 THERAPY**

realized that they wanted a location within a 90-minute drive of the city, but in a rural location and close to water.



via Mail Online

● ● ●  🔖 They've Been Best Friends For  ✕  +

←  →  C  🔒 boredomtherapy.com/s/best-friends-llano-exit-strategy-tiny-house?as=799&asv=1&bdk=0          ☆

🔍                    **BOREDOM 💊 THERAPY**

Each cabin would come equipped with a queen-sized bed, bathroom and mini kitchen. The positioning of the buildings, meanwhile, would also ensure that all of the cabins enjoyed uninterrupted views of the river.



via Mail Online

//

//

//

10


In time, the dust bowl outside Llano was transformed. Four cabins were erected against the backdrop of the hills, their metal exteriors complemented by rustic, wooden interiors. "It's a high-design finish that doesn't cost a lot of money," Garcia told lifestyle website Garden and Gun.





*via Mail Online*



*HomeAway*



//


via Mail Online

**BOREDOM THERAPY**    ENTERTAINMENT    LIFE    CULTURE    SCIENCE    MORE ⌄

# They've Been Best Friends For 20 Years. So They Built Their Own Little Town To Live Together



By Suzi Marsh
Boredom Therapy Staff



In rural Texas, the picturesque Llano River winds slowly past a huddle of tiny cabins.



//

## FIRST CLAIM FOR RELIEF

## (Copyright Infringement - Against All Defendants, and Each)

12. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

13. Defendants, and each of them, had access to the Subject Photography, including, without limitation, through viewing the Subject Photography on the World Wide Web.

14. Defendants, and each of them, infringed Plaintiff's copyright by copying, publishing, and displaying the Subject Photography to the public, including without limitation, the websites listed above, without Plaintiff's authorization or consent.

15. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

16. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photography in an amount to be established at trial.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

//

//

//

//

## SECOND CLAIM FOR RELIEF

## (Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

18. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

19. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged herein. Such conduct included, without limitation, publishing the Subject Photography obtained from third parties that Defendants knew, or should have known, were not authorized to publish the Subject Photography.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the aforementioned website posts that incorporated the unauthorized copies of the Subject Photography, and were able to supervise the publication of said posts.

21. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photography, in an amount to be established at trial.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

**THIRD CLAIM FOR RELIEF**
**(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202—Against all Defendants, and Each))**

24. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

25. Defendants, and each of them, have removed Plaintiff's copyright management information from the Subject Photography, and/or added false copyright management information to the Subject Photography, before publishing same.

26. Specifically, Defendants published the Subject Photography under the names "Mail Online," "Outside Online," and "HomeAway" without attribution to Plaintiff.

27. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

28. When Defendants published the Subject Photography, they knowingly provided and/or distributed false CMI in violation of 17 U.S.C. § 1202(a).

29. As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, or statutory damages, under the Digital Millennium Copyright Act.

//

//

//

//

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

## **Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

a.      That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photography, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photography from their respective websites, catalogs, marketing and advertisement materials.

b.      That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504, and other applicable law.

c.      That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d.      That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 505;

e.      That Plaintiff be awarded its costs and fees under the statutes set forth above;

f.      That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

g.      That Plaintiff be awarded pre-judgment interest as allowed by law;

h.      That Plaintiff be awarded the costs of this action; and

i.      That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

//

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:    Brooklyn, New York               Respectfully Submitted,
          April 5, 2021

                                        DONIGER / BURROUGHS

                               By: /s/ Scott A Burroughs
                                 Scott Alan Burroughs, Esq.
                                 Laura M. Zaharia, Esq.
                                 231 Norman Avenue, Suite 413
                                 Brooklyn, New York 11222
                                 (310) 590-1820
                                 scott@donigerlawfirm.com
                                 lzaharia@donigerlawfirm.com
                                 *Attorneys for Plaintiff Alexander*
                                 *Stross*